The Honorable Lu Hardin State Senator 309 S. Vancouver Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following question:
Is a county hospital, governed by a Board of Governors [under Act 13 of 1977 (Ex. Sess.)] and having no taxing authority, required to comply with the bidding requirements set forth in Sec. 22-9-203 for construction costs which are expected to exceed $10,000?
It is my opinion that the answer to your question is "yes."
The statute cited above provides that:
No contract providing for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements shall be entered intoby the state, or any agency thereof, any county, municipality,school district, or other local taxing unit with any contractor in those instances where all estimated costs of the work shall exceed the sum of ten thousand dollars ($10,000) for counties and municipalities. . . . These sums shall not be exceeded unless the taxing unit shall have first published notice of its intention to receive bids therefore. . . . [Emphasis added.]
Your question is whether a local county hospital "Board of Governors" falls within this statute because, you note, the hospital is not a "local taxing unit" but solely user-fee supported.
It is my opinion that the county hospital Board of Governors must comply with the bidding statute above, not because it is itself a local taxing unit, but because the Board members are county officers and in letting contracts are acting on behalf of thecounty, which is a local taxing unit, and which is specifically included in the statute. The hospital is county owned. The Board of Governors are appointed by the county judge and subject to approval by the quorum court. A.C.A. § 14-263-104(a). They, in my opinion, are county officers, and the contracts they award are county contracts. It is my opinion that the exercise of authority by, and actions of, this board is the same as the action of the county for purposes of A.C.A. § 22-9-203. See generally Op. Att'y Gen. No. 91-352, a copy of which is enclosed. This conclusion is borne out by other language of A.C.A. § 22-9-203
which recognizes that boards, commissions, officers, or other authorities of the local taxing units will be responsible for awarding contracts and opening bids. A.C.A. § 22-9-203(d).
It is therefore my opinion that the County Hospital Board of Governors must comply with the provisions of A.C.A. § 22-9-203 in the awarding of this contract.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh